UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VALERIE E.,

                Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations

                Defendant.

Case No. 3:18-cv-05163-TLF

ORDER AFFIRMING THE COMMISSIONER'S DECISION TO DENY BENEFITS

Plaintiff appeals the Commissioner's denial of her applications for disability insurance and supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Commissioner's decision is affirmed.

PROCEDURAL BACKGROUND

On October 27, 2014, plaintiff applied for disability insurance and SSI benefits. Dkt. 6, Administrative Record (AR) 18. She alleges she became disabled beginning June 1, 2013. *Id.*

ORDER AFFIRMING THE COMMISSIONER'S DECISION TO DENY BENEFITS - 1

The Commissioner denied the applications on initial administrative review and on reconsideration. AR 18. Following a hearing, an administrative law judge (ALJ) employed the Commissioner's five-step sequential evaluation process to find could perform other jobs existing in significant numbers in the national economy at step five of that process, and therefore that she was not disabled at that step. AR 18-34.

Plaintiff seeks reversal of the ALJ's decision and remand for further administrative proceedings, arguing the ALJ erred in failing to discuss significant probative evidence of plaintiff's Crohn's disease, both in regard to assessing her credibility concerning her symptom testimony and in determining her residual functional capacity ("RFC").

For the reasons set forth below, the Court affirms the ALJ's decision.

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless it is: (1) based on legal error; or (2) not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). This requires "more than a mere scintilla," though "less than a preponderance" of the evidence. *Id.* (quoting *Desrosiers*, 846 F.2d at 576).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports, and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* at 1010. Rather, only the reasons the ALJ identified are considered in the scope of the Court's review. *Id.*

# DISCUSSION

Plaintiff challenges the ALJ's following findings:

> The claimant's allegations of significant symptoms and limitations related to her Crohn's disease are inconsistent with the medical evidence. The claimant alleged having to use the bathroom 4 to 5 times per day. However, the medical evidence shows the claimant's weight has remained relatively stable throughout the period at issue (*See* Exs. 2F/80, 171, 211; 5F/248, 355; and 8F/3, 29) and treatment providers repeatedly noted she was negative for weight loss (Exhibit 5F/257, 328, 361). Treatment providers also noted that she was constipated at times, where she went 4 to 5 days without a bowel movement (Exhibit 2F/171; and 5F/361, 413). The claimant also alleged having recurring abdominal pain. However, she was repeatedly negative for abdominal pain (Exhibit 2F/82, 95, 104, 196; and 5F/293, 330, 349, 398). Furthermore, the medical evidence shows few documented Crohn's flare-ups throughout the period at issue.

AR 30.

Specifically, plaintiff argues the ALJ erred in not mentioning the following objective medical findings in discounting plaintiff's allegations:

- ". . . Colonoscopy showed a stricture and erosions at ICV . . . Biopsies showed: Active chronic duodenitis w/ erosion in second portion duodenum, mild chronic inflammation in antrum without H.pyloir, active chronic inflammation w/ erosion in T1, normal biopsies from colon and rectum. . . ." (May 23, 2013 treatment note written by Mark Cumings, M.D.)

- "A benign-appearing, intrinsic moderate stenosis measuring less than one cm (in length) was found at the ileocecal valve . . . " (April 26, 2013 report of colonoscopy procedure)

AR 1237, 1769.

The ALJ is responsible for determining credibility, and for resolving any conflicts or ambiguities in the record. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). If more than one rational interpretation can be drawn from the evidence, then the Court must uphold the ALJ's interpretation. *Trevizo*, 871 F.3d at 674-75. That is, where the

evidence is sufficient to support more than one outcome, the Court uphold the decision the ALJ made. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008).

The Court, however, may not affirm by locating a quantum of supporting evidence and ignoring the non-supporting evidence. *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007). Unless there is "affirmative evidence" of malingering, *Garrison*, 759 F.3d at 1015, the ALJ may discredit a claimant's symptom testimony "only by offering specific, clear and convincing reasons for doing so." *Trevizo*, 871 F.3d at 678. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting (*Lester*, 81 F.3d at 834). In doing so, the ALJ may use "ordinary techniques of credibility evaluation," such as inconsistencies in the claimant's statements or between the claimant's statements and conduct, unexplained or inadequately explained failure to seek or follow treatment, and the claimant daily activities. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

The credibility determination is not to evaluate "character" -- it is an assessment of the claimant's testimony and other statements "designed to 'evaluate the intensity and persistence of symptoms." *Trevizo*, 871 F.3d at 678 n.5 (warning that the inquiry should not "delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness") (quoting and citing SSR 16-3p, 2017 WL 5180304).

An ALJ may discount a claimant's testimony on the basis that it is unsupported by objective medical evidence. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). The ALJ did not err in this case by discounting plaintiff's credibility on this basis.[1]

---

[1] An ALJ may not reject a claimant's testimony solely on the basis of a lack of objective medical support. *Burch, 400 F.3d at 680*. The ALJ, however, did not discount plaintiff's credibility solely on the basis of lack of such support, but provided several other reasons for doing so (AR 28-32) and plaintiff does not challenge the validity of those reasons.

Although plaintiff emphasizes portions of the medical record that contain objective medical evidence, AR 1237, 1769, those portions do not reveal any additional functional limitations. The ALJ thus did not err in failing to specifically discuss them. *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) ("The mere existence of an impairment is insufficient proof of a disability."); *see also Gentle v. Barnhart*, 430 F.3d 865, 868 (7th Cir 2005) ("Conditions must not be confused with disabilities"); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis of [an impairment] . . . says nothing about the severity of the [diagnosed] condition").

For the same reasons, the ALJ did not err in failing to account for any additional or more severe limitations due to plaintiff's Crohn's disease in the RFC assessment. An RFC assessment is used to determine whether the claimant can perform other work existing in the national economy. Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2. RFC is the maximum amount of work a claimant can perform based on all of the relevant evidence in the record. *Id.* In assessing RFC, the ALJ must discuss why a claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

Here, the ALJ found plaintiff could perform light work with certain additional postural and environmental limitations, including a limitation on overhead reaching. AR 27. Although plaintiff points to items of medical evidence that apparently are consistent with her later *diagnosis* of Crohn's disease – the record does not suggest additional severe functional limitations beyond what was already accounted for in the RFC. The ALJ did not err, therefore, in assessing plaintiff's RFC.

## CONCLUSION

The ALJ properly determined plaintiff to be not disabled. The Commissioner's decision

1 | to deny benefits, accordingly, is AFFIRMED.

2 | Dated this 21st day of December, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge